MARONEL BARAJAS (SBN 242044)
  MB@barajasriveralaw.com
ANNA RIVERA (SBN 239601)
  AR@barajasriveralaw.com
**BARAJAS & RIVERA, APC**
1440 N. Harbor Blvd., Ste 900
Fullerton, CA 92385
Tel./Fax: (714) 443-0096

*Attorneys for Plaintiff Sunjay Smith*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNJAY SMITH,<br><br>                Plaintiff,<br><br>vs.<br><br>UNITED MEDICAL IMAGING, INC.;<br>UNITED MEDICAL IMAGING<br>HEALTHCARE, INC., and DOES 1-10,<br>Inclusive<br><br>                Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATIONS OF:**<br><br>1. Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*;<br>2. Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 *et seq.*;<br>3. Section 1557 of the Affordable Care Act, 42 U.S.C. §188116(a);<br>4. California Unruh Act, Cal. Civ. Code §51, *et seq.*;<br>5. California Disabled Persons Act, Cal. Civ. Code §54 *et seq.*;<br>6. California Gov't Code §11135;<br>7. Negligence and Negligence *Per Se*;<br>8. Intentional Infliction of Emotional Distress<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sunjay Smith, ("Plaintiff Smith", "Plaintiff", or "Mr. Smith"), complains of Defendants United Medical Imaging Inc. and United Medical Imaging Healthcare Inc. (collectively "United Medical"), and Does 1 through 10 inclusive ("Does") (collectively "Defendants"), and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. The same actions and omissions that form the basis of Plaintiff's federal claims, form the basis of his California state law claims. Thus, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. Injunctive relief is authorized by 28 U.S.C. § 2202 and Rule 65 of the Federal Rules of Civil Procedure.

2. Venue is proper in the Central District of California because Plaintiff resides in, and Defendants operate and perform official duties in the Central District of California. A substantial part of the events, acts, and omissions giving rise to the claims also occurred in the Central District of California. 28 U.S.C. § 1391(b).

## INTRODUCTION

3. This is an action for damages and declaratory and injunctive relief brought under, *inter alia*, state and federal disability rights laws to redress systemic civil rights violations against Plaintiff, who has quadriplegia and uses a wheelchair, by Defendants.

4. The Americans with Disabilities Act ("ADA") was enacted over thirty years ago, establishing the most important and comprehensive civil rights law for people with disabilities in our nation's history. One of the principal goals of the ADA is that people with disabilities have equal access to the goods, services, and facilities to places of public accommodation – including medical clinics. Prior to the enactment of the ADA, Section 504 of the Rehabilitation Act of 1973 ("Section

504) mandated similar goals for recipients of federal financial assistance. *See* 29 U.S.C. § 794. Likewise, California mandated people with disabilities have full and equal services in all business establishments since 1992. *See* California Civil Code §§ 51 *et seq.*; *See also*, California Disabled Persons Act §§54 *et. seq*. Despite these longstanding mandates, Defendants have failed to provide Plaintiff with equal access to its services by refusing to provide Plaintiff Smith with reasonable accommodations at its United Medical Imaging Healthcare Long Beach (South) location.

5. Plaintiff Sunjay Smith has quadriplegia, which, among other things, necessitates the use of a wheelchair for mobility. He must also rely on adult assistance and/or other reasonable accommodation to transfer from his wheelchair.

6. Defendants United Medical Imaging Inc., United Medical Imaging Healthcare Inc., and Does 1 through 10, inclusive (collectively "Defendants") discriminated against Plaintiff Smith by, among other things, refusing and failing to provide reasonable accommodations and/or to otherwise provide accessible X-ray medical equipment and by requiring Plaintiff to obtain services from other medical providers. In so doing, it failed to, among other things, provide Plaintiff with an equal opportunity to participate in and benefit from Defendants' health care services free from discrimination.

7. In March 2022, Plaintiff Smith was referred by his primary doctor to Defendants' Long Beach (South) location for X-rays. He was experiencing, among other things, severe pain in his hip. When Plaintiff's caregiver called to make an appointment, she was told that no appointment was needed because X-rays were done on a walk-in basis only.

8. On March 16, 2022, Plaintiff Smith visited Defendants' Long Beach (South) location for X-rays. Only after waiting approximately two and a half hours, when he was taken into the X-ray room and could not independently transfer onto the X-ray table, was Plaintiff Smith told that Defendants did not

provide X-rays to persons who could not independently transfer and would not provide a reasonable accommodation, such as physically helping Plaintiff onto the X-ray table. Feeling, among other things, humiliated and embarrassed, Plaintiff Smith was forced to leave, still in pain, and seek another referral from his doctor in order to obtain his X-ray – further delaying treatment and prolonging his pain and suffering.

9. On or about April 5, 2023, Plaintiff's health insurance again referred him to Defendants' Long Beach (South) location for X-rays, this time for an injury to his foot. Having already been told by Defendants that they would not provide him with a reasonable accommodation that was needed in order for him to obtain an X-ray at Defendants' office, Plaintiff Smith was deterred from returning and forced to seek another referral from his doctor – again delaying treatment and prolonging his pain and suffering.

10. Upon information and belief, Defendants to date do not provide accommodations that would allow Plaintiff equal access; Plaintiff is deterred from returning to their location. Plaintiff would return to Defendants' facilities and plans to return to Defendants' facilities in the future once services are made accessible.

11. Defendants failed, and continue to fail, to provide reasonable accommodations to Plaintiff. As a result of the failure to provide reasonable accommodations, among other things, Plaintiff Smith's treatment was delayed; he has been forced to seek alternative, less desirable referrals; he has been deprived of his civil rights, suffered embarrassment and humiliation, and must visit other, less desirable locations to obtain the same services.

12. Plaintiff brings this action to cease unlawful discriminatory practices and implement policies, procedures, and training that will ensure Plaintiff will have full and equal enjoyment, and a meaningful opportunity to participate in and benefit from Defendants' services. Plaintiff seeks declaratory, injunctive, and equitable relief to compel Defendants to, among other things, adopt policies, procedures, and

training to ensure that reasonable accommodations are provided to individuals who use wheelchairs and have mobility disabilities where necessary to ensure equal access under the ADA, Section 504, the Affordable Care Act, California Unruh Civil Rights Act ("Unruh Act"), and California Government Code Section 11135.[1] Additionally, Plaintiff also seeks statutory and actual and compensatory damages according to proof, as well as reasonable attorney fees and costs.

## **PARTIES**

### *Plaintiff*

13. Plaintiff Smith is 31-years old. He has multiple disabilities, including cerebral palsy and quadriplegia. He uses a wheelchair for mobility. Due to his disabilities, he cannot independently transfer out of his wheelchair. At all times applicable to this action, he is and has been a qualified individual with a disability as defined by the laws relevant to this Complaint. Presently, and at all times relevant to this action, Plaintiff was and is a resident of Los Angeles County.

### *Defendants United Medical Imaging Inc. and United Medical Imaging HealthCare Inc.*

14. Upon information and belief, Defendant United Medical Imaging Inc. and Defendant United Medical Imaging Healthcare Inc. own and/or operate and/or does business as United Medical Imaging Healthcare.

15. According to its website, United Medical Imaging provides advanced diagnostic technology throughout its 30 out-patient medical clinics in Los Angeles and Orange Counties.[2]

16. Upon information and belief, presently and at all times relevant to this Complaint, Defendant United Medical Imaging Inc. and Defendant United Medical Imaging Healthcare Inc. are engaged in the business of providing healthcare services.

---

[1] Plaintiff seeks only damages and reasonable attorneys' fees and costs under the California Disabled Persons Act §§54 *et. seq.* ("CDPA"); Plaintiff is not seeking injunctive or declaratory relief under the CDPA.
[2] https://www.umih.com/ last accessed on March 14, 2024.

17. Upon information and belief, presently and at all times relevant to this Complaint, Defendant United Medical Imaging Inc. and Defendant United Medical Imaging Healthcare Inc. were and are a place of public accommodation within the meaning of Title III of the ADA, were and are a business establishment within the meaning of the Unruh Act, and receives both state and federal financial assistance.

### *Does 1-10*

18. The true names and capacities, whether individual, corporate, associate, or otherwise of Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the defendants designated as a Doe is legally responsible in some manner for the events and happenings referred to herein, and legally caused injury and damages proximately thereby to Plaintiff as herein alleged. Plaintiff will seek leave to amend the Complaint when the true names, capacities, connections, and responsibilities of Does 1 through 10, inclusive are ascertained.

### *Defendants Generally*

19. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner and/or associate, or such similar capacity of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

5

20. Hereafter, references to "Defendants" shall include Paragraphs 13-19.

## FACTS APPLICABLE TO ALL CLAIMS

21. Plaintiff Smith is 31-years old. He has multiple disabilities, including cerebral palsy and quadriplegia. He uses a wheelchair for mobility. Due to his disabilities, he cannot independently transfer from his wheelchair.

22. On or around March 10, 2022, Mr. Smith was referred by his health insurance provider to Defendants' United Medical Imaging Long Beach (South) for X-rays.

23. Shortly after Plaintiff Smith received the referral, Andrea Smith, Plaintiff's aunt and caregiver, called to make an appointment for Mr. Smith. She was informed that X-rays were given on a walk-in-basis. She was not asked any follow-up questions nor given any other information.

24. On March 16, 2022, Mr. Smith, accompanied by Ms. Smith, visited Defendant's United Medical Imaging Long Beach (South) location to get an X-ray of his hip. When he arrived, he was told by office staff that he would need to wait until called by an X-ray technician. Plaintiff Smith waited approximately 2 1/2 hours, in severe pain, before finally being ushered into the X-ray room.

25. Only once he was in the X-ray room, when Plaintiff Smith could not independently transfer to the X-ray table, did the X-ray technician, Andre (last name unknown), tell Mr. Smith that Defendants did not provide X-rays to persons in wheelchairs who cannot independently transfer. In response, Ms. Smith requested a reasonable accommodation. Andre then replied something to the effect of, "the accommodation is to find another company to do the X-ray." Ms. Smith, unable to transfer Mr. Smith herself, also offered to assist staff in transferring Mr. Smith. Andre refused.

26. Appalled by this response, Ms. Smith asked to speak to a supervisor. Ahmead (last name unknown) was introduced as the manager and confirmed the X-ray technician's statement that Defendants did not provide accommodations for

people who cannot independently transfer to the X-ray table and that they would have to go elsewhere. Ms. Smith asked why, during the two and a half-hour wait, they were not told that Defendants would not provide a reasonable accommodation. She received no response.

27. Upon information and belief, Defendants do not properly hire, train and/or supervise their employees to ensure that persons, such as Mr. Smith, who are entitled to accommodations, supports, and services, receive those accommodations, supports, and services in full and without incident.

28. Left with no other option, Plaintiff Smith was forced to leave without having received the benefit of Defendants' services.

29. Plaintiff Smith was forced to request a new X-ray referral from his doctor, but it took approximately another month before he received the alternative referral. This in turn, among other things, delayed his doctor's ability to create an appropriate treatment plan to address the excruciating hip pain for which he was seeking imaging.

30. On or about April 5, 2023, Plaintiff's health insurance again referred him to Defendants' Long Beach (South) location for X-rays, this time for an injury to his foot. Having already been told by Defendants that they would not provide him with a reasonable accommodation that was needed in order for him to obtain an X-ray at Defendants' office, Plaintiff Smith was deterred from returning.

31. As a result, Ms. Smith requested, on Plaintiff Smith's behalf, a referral to an alternative medical clinic. Again, it took approximately one-month to receive the alternative referral. This in turn, delayed his doctor's ability to create an appropriate treatment plan to address the acute pain in his foot for which he was seeking imaging.

32. Since March 2022, Mr. Smith has been referred to other alternative locations for X-ray services that are, among other things, not as desirable as Defendants' Long Beach (South) location. But for Defendants' refusal to provide

him with a reasonable accommodation, Mr. Smith would visit Defendants' Long Beach (South) location for X-rays. This has needlessly delayed access to services and treatment and deterred Plaintiff Smith from accessing healthcare services all together.

33. Mr. Smith has unsuccessfully attempted to resolve his concerns through direct communication with Defendants. As such, he files the instant lawsuit.

## **INJURY TO PLAINTIFF**

34. As the result of Defendants' acts and omissions, and the acts and omissions of its representatives and agents as herein described, Plaintiff was and will continue to be denied full and equal enjoyment of the services, facilities, privileges, advantages, or accommodations provided by Defendants and has suffered a loss of his civil rights and physical and emotional harm. The ongoing nature of Defendants' discrimination constitutes an ongoing violation and, unless enjoined by this Court, will result in ongoing and irreparable injury. The above failings ensure limited and inferior access to Defendants' facilities. This discrimination has a dramatic impact on Plaintiff.

## **RIGHT TO INJUNCTIVE RELIEF AND DECLARATORY RELIEF**

35. Unless enjoined, Defendants will continue to engage in the unlawful acts and pattern and practice of discrimination described above. Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief.

36. An actual controversy has arisen and now exists between the parties concerning their respective rights, duties, and obligations under federal and state law. Accordingly, Plaintiff is entitled to declaratory relief.

//

//

//

//

## **FIRST CLAIM FOR RELIEF**

**The Americans with Disabilities Act**

**42 U.S.C. §12182 *et seq.***

37. Plaintiff incorporates by reference the allegations contained in each of the foregoing paragraphs and incorporates them herein as if separately alleged.

38. At all times relevant to this action, Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. 1281, *et seq.* was in full force and effect and applied to Defendants conduct.

39. Title III of the ADA provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

40. Plaintiff has multiple disabilities, including cerebral palsy and quadriplegia. He uses a wheelchair for mobility. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADA. 42 U.S.C. § 12102(1)(A), (2)(A); 28 C.F.R. § 36.105(b)(2).

41. Defendants are private entities subject to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.*

42. Defendants own, lease, and/or operate medical clinics that are places of public accommodation subject to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.*

43. The Attorney General is responsible for implementing the foregoing statute by promulgating regulations. 42 U.S.C. § 12134(a).

44. Defendants, as set out above, discriminated against Plaintiff and continue to discriminate against Plaintiff on the basis of his disability in violation of Title III of the ADA and the federal regulations promulgated pursuant to Title III, 28 C.F.R. part 36, and 49 C.F.R. parts 27, 37, without limitation, by *inter alia*, failing to operate their services on a nondiscriminatory basis and failing to ensure

that individuals who use wheelchairs and have mobility disabilities have full and equal enjoyment of the services, facilities, privileges, advantages, and/or accommodations of their places of public accommodation.

45. Defendants discriminatory conduct includes, *inter alia*:

    a. Denying Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by Defendants on the basis of disability. (28 C.F.R. § 36.201).

    b. Failing to ensure accessibility to, and usability of the diagnostic equipment by patients with disabilities. (36 C.F.R. § Pt. 1195, App.).

    c. Having administrative methods, practices or polices that allow their X-ray equipment to be made available without consideration of consumers who can only participate in and benefit from Defendants health care services with the assistance of an adult to transfer them from their wheelchairs onto the X-ray tables.

46. Plaintiff is also informed, believes, and herein alleges that Defendants and their agents and employees further discriminated against him and violated the ADA by failing to:

    a. Adopt and enforce policies and procedures to provide equal access to their services for people who use wheelchairs and have mobility disabilities. (28 C.F.R. § 36.302).

    b. Train their personnel to assist people who use wheelchairs and have mobility disabilities to effectively gain access to their locations' services.

47. By engaging in the actions and omissions described herein, Defendants have violated the foregoing statutory and regulatory provisions. These violations are ongoing.

48. Plaintiff Smith intends to continue visiting Defendants for healthcare services for himself. Unless enjoined, Defendants' conduct will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

49. Plaintiff Smith has been deterred from visiting Defendants for healthcare services because of Defendants' discriminatory actions and inactions.

50. If Defendants ceased their discriminatory actions and inactions, Plaintiff Smith would visit Defendants for healthcare services.

51. The acts and omissions of Defendants have caused and will continue to cause Plaintiff to suffer irreparable harm, and he has no adequate remedy at law, and therefore Plaintiff is entitled to injunctive relief remedying the discrimination. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm.

52. Defendants' violations of this statute entitles Plaintiff to declaratory and injunctive relief to compel Defendants to comply with their obligations under this law. 42 U.S.C. § 12133. Their violations also warrant Plaintiff's recovery of reasonable attorneys' fees, expert expenses, and costs incurred in bringing this action and/or common law. *Id*. § 12205.

## SECOND CLAIM FOR RELIEF

### Section 504 of the Rehabilitation Act of 1973

### 29 U.S.C. §794 *et seq.*

53.  Plaintiff incorporates by reference the allegations contained in each of the foregoing paragraphs and incorporates them herein as if separately alleged.

54.  "No otherwise qualified individual with a disability. . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

55. Plaintiff is a qualified individual with a disability under Section 504.

56. Upon information and belief, Defendants receive federal funds,

COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

11

including reimbursements for Medicare and Medicaid services provided. Thus, Defendants are subject to 29 U.S.C. § 794 and its implementing regulations.

57. Solely by reason of his disabilities, Plaintiff has been excluded from participation in, denied the benefit of, and subjected to discrimination in his attempts to receive equal access to the facilities, programs, and services offered by Defendants in violation of Section 504, 29 U.S.C. § 794, *et seq.*, and its implementing regulations at 28 C.F.R. 42.501 *et seq.*

58. Defendants' discriminatory conduct includes, *inter alia*:

    a.   Failing to adopt and enforce policies and procedures to provide equal access to their services for people who use wheelchairs and have mobility disabilities;

    b.  Failing to train their personnel to assist people who use wheelchairs and have mobility disabilities to effectively gain access to their out-patient clinic services.

    c.  Having administrative methods, practices or polices that allow their X-ray equipment to be made available without consideration of consumers who can only participate in and benefit from Defendants health care services with the assistance of an adult to transfer them from their wheelchairs onto the X-ray tables.

59. Defendants' acts and omissions violating Plaintiff's rights under the ADA also violate his rights under Section 504.

60. By engaging in the actions and omissions described herein Defendants have violated the foregoing statutory and regulatory provision.

61. Plaintiff Smith intends to continue visiting Defendants for healthcare services for himself. Unless enjoined, Defendants' conduct will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

//

62. Plaintiff Smith has been deterred from visiting Defendants for healthcare

1    services because of Defendants' discriminatory actions and inactions.

2        63. If Defendants ceased their discriminatory actions and inactions, Plaintiff

3    Smith would visit Defendants for healthcare services.

4        64. The acts and omissions of Defendants have caused and will continue to

5    cause Plaintiff to suffer irreparable harm, and he has no adequate remedy at law,

6    and therefore Plaintiff is entitled to injunctive relief remedying the discrimination.

7    Unless the Court enjoins Defendants from continuing to engage in these unlawful

8    practices, Plaintiff will continue to suffer irreparable harm.

9        65. Defendants' violation of Section 504 of the Rehabilitation Act of 1973

10   warrants declaratory and injunctive relief to enjoin them from continuing to violate

11   the law. 29 U.S.C. § 794a(a)(2). Their violations also warrant Plaintiff's recovery

12   of reasonable attorneys' fees, expert expenses, and costs incurred in bringing this

13   action. 29 U.S.C. § 794a(a)(2); § 794a(b).

### THIRD CLAIM FOR RELIEF

### Section 1557 of the Affordable Care Act

### 42 U.S.C. §18116(a)

17       66. Plaintiff incorporates by reference the allegations contained in each of

18   the foregoing graphs and incorporate them herein as if separately alleged.

19       67. Section 1557 of the Affordable Care Act ("Section 1557") provides in

20   pertinent part: "[A]n individual shall not, on the ground prohibited under . . .

21   section 794 of title 29 [Section 504], be excluded from participation in, be denied

22   the benefits of, or be subjected to discrimination under, any health program or

23   activity, any part of which is receiving Federal financial assistance…." 42 U.S.C. §

24   18116(a).

25       68. Plaintiff is an individual with quadriplegia and must use a wheelchair for

26   mobility and is therefore an individual with disabilities within the meaning of

27   Section 1557.

28       69. Defendants are principally engaged in the business of providing

healthcare and receive Federal financial assistance provided by the U.S. Department of Health and Human Services.

70. Defendants' violation of Section 504 also violates Section 1557.

71. Defendants' failure to make reasonable modifications to its policies, practices, or procedures when such modifications are necessary to avoid discrimination on the basis of disability and would not fundamentally alter the nature of the health program or activity violates Section 1557. *See* 45 C.F.R. § 92.105.

72. Plaintiff Smith intends to continue visiting Defendants for healthcare services for himself. Unless enjoined, Defendants' conduct will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

73. Plaintiff Smith has been deterred from visiting Defendants for healthcare services because of Defendants' discriminatory actions and inactions.

74. If Defendants ceased their discriminatory actions and inactions, Plaintiff Smith would visit Defendants for healthcare services.

75. Defendants' violations of Section 1557 have harmed and will continue to harm Plaintiff in the future.

76. The acts and omissions of Defendants have caused and will continue to cause Plaintiff to suffer irreparable harm, and he has no adequate remedy at law, and therefore Plaintiff is entitled to injunctive relief remedying the discrimination. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm.

77. Because Defendants' discriminatory conduct is ongoing, declaratory and injunctive relief are appropriate remedies.

78. Defendants' violations of this statute entitles Plaintiff to declaratory and injunctive relief, as well as reasonable attorneys' fees and costs in bringing this action.

## FOURTH CLAIM FOR RELIEF

**Unruh Civil Rights Act**

**California Civil Code §§ 51, *et seq.***

79. Plaintiff incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporate them herein as if separately alleged.

80. The Unruh Civil Rights Act ("Unruh Act"), California Civil § 51(b), provides that "All persons within the jurisdiction of this state are free and equal, and no matter what his…disability or medical condition … are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

81. Pursuant to California Civil Code § 51(f), a violation of the ADA also constitutes a violation of California Civil Code § 51 *et seq*.

82. At all times relevant to this action, Plaintiff was and is a qualified individual within the meaning of the California Civil Code § 51 as defined by California Government Code § 12926 (l) & (m).

83. Defendants meet the definition of a business establishment within the meaning of California Civil Code § 51 *et seq*.

84. Defendants have violated the Unruh Act by their acts and omissions, as set forth herein, including, without limitation, by, *inter alia*, denying, aiding, or inciting the denial of Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or radiology services offered by Defendants to visitors at each of their facilities. Defendants have also violated the Unruh Act by denying, aiding, or inciting the denial of Plaintiff's rights to equal access arising from the provisions of the ADA. More specifically, without limitation, the X-ray machines are an accommodation, advantage, facility, privilege, and service provided by Defendants, which are inaccessible to patrons with mobility disabilities. This inaccessibility denies individuals with mobility disabilities full and equal access to the accommodations, accommodations, advantages, facilities, privileges, and services that Defendants make available to the non-disabled public,

in violation of the Unruh Civil Rights Act, California Civil Code § 51, *et seq.* These violations are ongoing.

85. Plaintiff Smith intends to continue visiting Defendants for healthcare services for himself. Unless enjoined, Defendants' conduct will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

86. Plaintiff Smith has been deterred from visiting Defendants for healthcare services because of Defendants' discriminatory actions and inactions.

87. If Defendants ceased their discriminatory actions and inactions, Plaintiff Smith would visit Defendants for healthcare services.

88. Defendants' actions also constitute intentional discrimination against Plaintiff on the basis of his disability in violation of California Civil Code §§51, *et. seq.* Defendants are aware of the complete lack of access of the X-ray equipment to individuals with mobility disabilities yet have deliberately chosen to provide a benefit and service that is inaccessible to individuals with mobility disabilities.

89. Defendants are additionally violating California Civil Code §51 in that the conduct alleged herein constitutes a violation of various provisions of the ADA as set forth above. California Civil Code § 51(f) provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

90. The acts and omissions of Defendants have caused and will continue to cause Plaintiff to suffer irreparable harm, and he has no adequate remedy at law, and therefore Plaintiff is entitled to injunctive relief remedying the discrimination. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm.

91. Plaintiff is further entitled to statutory damages up to and including three times the amount of actual damages, but in no case less than $4,000 for every violation of California Civil Code § 51 *et seq.*, pursuant to California Civil Code § 52(a), and for attorneys' fees and costs incurred in this action.

1

**FIFTH CLAIM FOR RELIEF**

2

**California Disabled Persons Act**

3

**California Civil Code §54 *et seq.***

4

**(For damages and attorneys' fees only)**

5

77. Plaintiff incorporates by reference the allegations contained in each of

6

the foregoing paragraphs and incorporates them herein as if separately alleged.

7

78. The California Disabled Persons Act ("DPA") provides that

8

"[i]ndividuals with disabilities or medical conditions have the same right as the

9

general public to the full and free use of…public buildings, medical facilities,

10

including hospitals, clinics, and physicians' offices, public facilities, and other

11

public places." Cal. Civ. Code § 54(a); *see also* Cal. Civ. Code §54.1

12

("[i]ndividuals with disabilities shall be entitled to full and equal access, as other

13

members of the general public, to accommodations, advantages, facilities, medical

14

facilities, including hospitals, clinics, and physicians' offices…and other places to

15

which the general public is invited…")

16

79. Plaintiff is a qualified individual with a disability under the DPA.

17

80. Defendants are entities covered by the DPA.

18

81. Defendants' out-patient medical clinics throughout Los Angeles and

19

Orange County featuring the inaccessible x-ray equipment constitutes "places of

20

public accommodation" or "other places where the public is invited" within the

21

meaning of the DPA.

22

82. Defendants also provide public services within the meaning of the DPA.

23

Defendants' out-patient medical clinics constitute accommodations, advantages,

24

facilities, and privileges provided by Defendants to members of the public of

25

California and are, therefore, subject to the access requirements of California Civil

26

Code §54.1 applicable to "all places of public accommodation" and "other places

27

to which the general public is invited."

28

83. Without limitation, by failing to provide accommodations,

COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

17

modifications, services and physical access to Plaintiff, Defendants are violating the DPA by denying persons with disabilities full and equal access to their services and facilities.

84. A violation of the ADA is also a violation of the DPA. *See* Cal. Civ. Code §§54(c), 54.1(d).

92. Plaintiff Smith intends to continue visiting Defendants for healthcare services for himself.

93. Plaintiff Smith has been deterred from visiting Defendants for healthcare services because of Defendants' discriminatory actions and inactions.

94. If Defendants ceased their discriminatory actions and inactions, Plaintiff Smith would visit Defendants for healthcare services.

85. Defendants have violated the DPA by, among other things, denying and/or interfering with Plaintiff's right to full and equal access to Defendants' accommodations, advantages, or facilities.

86. Defendants have also violated the DPA by denying or aiding the denial of Plaintiff's rights to equal access under California state law and the ADA.

87. Plaintiff is entitled to statutory damages for each incident of discrimination, and reasonable attorneys' fees and costs incurred in bringing this action. An "incident" refers, at a minimum, to each time a Plaintiff visited the Defendants' Long Beach (South) location and was denied meaningful access, as well as each time a Plaintiff was deterred from visiting the Defendants' Long Beach (South) location due to the lack of equal access.

88. Pursuant to the remedies, procedures, and rights set forth in California law, including California Civil Code §§ 54.3(a), Plaintiffs pray for judgment as set forth below. Plaintiffs do not seek injunctive relief under California Civil Code §55 in this action.

//

## SIXTH CLAIM FOR RELIEF

**California Government Code § 11135**

89. Plaintiff incorporates by reference the allegations contained in each of the foregoing paragraphs and incorporates them herein as if separately alleged.

90. California Government Code § 11135(a) provides, in pertinent part, that "[n]o person in the State of California shall, on the basis of disability, be unlawfully denied the benefits of, or be unlawfully subjected to discrimination under any program or activity that is funded directly by the State or receives any financial assistance from the State."

91. At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the California Government Code §§ 11135(b) as defined by California Government Code § 12926(l) & (m) and meets the essential requirements for the receipt of the services, programs, or activities of the Defendants.

92. At all times relevant to this action, Defendants received financial assistance from the State of California. California Government Code § 11135.

95. Plaintiff Smith intends to continue visiting Defendants for healthcare services for himself. Unless enjoined, Defendants' conduct will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

96. Plaintiff Smith has been deterred from visiting Defendants for healthcare services because of Defendants' discriminatory actions and inactions.

97. If Defendants ceased their discriminatory actions and inactions, Plaintiff Smith would visit Defendants for healthcare services.

93. Defendants' discriminatory policies and practices deny Plaintiff, *inter alia*, full and equal access to the services, programs and activities offered by Defendants to visitors at their facilities in violation of California Government Code § 11135.

//

94. Defendants have violated California Government Code § 11135(b) in

COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

19

that the conduct alleged herein constitutes a violation of the ADA, 42 U.S.C. § 12132 and the regulations promulgated thereunder.

95. Defendants have violated and continue to violate California Government Code § 11135 by excluding and denying Plaintiff the benefits of their programs, services, and activities.

96. The acts and omissions of Defendants have caused and will continue to cause Plaintiff to suffer irreparable harm, and he has no adequate remedy at law, and therefore Plaintiff is entitled to injunctive relief remedying the discrimination. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm.

97.  As a proximate result of Defendants' violation of California Government Code § 11135, Plaintiff has been injured as set forth herein. Unless enjoined, Defendants' conduct will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

98. Defendants' violations of this statute also entitles Plaintiff to declaratory relief, as well as reasonable attorneys' fees and costs in bringing this action.

## SEVENTH CLAIM FOR RELIEF

### Negligence and Negligence *Per Se*

99. Plaintiff incorporates by reference the allegations contained in each of the foregoing paragraphs and incorporates them herein as if separately alleged.

100. At all relevant times, Defendants owed a duty of care to Plaintiff to operate in a matter that is free from unlawful discrimination, and to hire and train, supervise, and discipline its employees or agents to fulfill that duty. Part of Defendants' duty consists of ensuring that persons such as Plaintiff, who are entitled to accommodations, supports and services, receive those accommodations, supports and services in full and without incident.

//

101. Defendants negligently violated that duty by discriminating against

Plaintiff on account of his disability by the acts and omissions alleged above,

102. Defendants breached their duty of care to Plaintiff by failing to ensure that Plaintiff received necessary accommodations, supports and services in full and without incident.

103. Defendants breached their duty of due care to Plaintiff by failing to properly hire, train, and supervise their contractors, employees, and agents responsible for communicating with Plaintiff.

104. Defendants' breach of duty proximately caused, and was a substantial factor in, causing harm to Plaintiff, including substantial emotional distress. Such damages were reasonably foreseeable to Defendants.

105. As a direct and proximate result of the actions of Defendants herein, Plaintiff is entitled to an award of compensatory damages in an amount according to proof as well as reasonable attorneys' fees and costs in bringing this action.

### EIGHTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

106. Plaintiff incorporates by reference the allegations contained in each of the foregoing paragraphs and incorporates them herein as if separately alleged.

107. Defendants' acts constitute extreme and outrageous behavior.

108. At all times mentioned herein, Defendants' acts were done with reckless disregard to the probability of causing Plaintiff to suffer humiliation, anger, and emotional distress.

109. As a direct and proximate result of Defendants' actions, Plaintiff has suffered significant emotional distress in an amount according to proof. Plaintiff is entitled to actual and exemplary damages according to proof as well as reasonable attorneys' fees and costs in bringing this action.

//

//

### **PRAYER FOR RELIEF**

Plaintiff prays that this Court enter judgment as follows:

    1. A declaration that Defendants' conduct as alleged herein violated the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq*., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 *et seq*., Section 1557 of the Affordable Care Act, 42 U.S.C. §18116(a), California Unruh Civil Rights Act, Cal. Civ. Code §51, *et seq*., California Gov't Code §11135, and state common law torts;

    2. An order and judgment enjoining Defendants from denying adequate disability access in compliance with the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq*., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 *et seq*., Section 1557 of the Affordable Care Act, 42 U.S.C. §18116(a), California Unruh Act, Cal. Civ. Code §51, *et seq*., California Gov't Code §11135 and requiring Defendants to undertake remedial measures to mitigate the effects of Defendants' past and ongoing failure to provide full and equal access to person with disabilities. At a minimum, Plaintiff requests that Defendants be enjoined to take the following actions:

        a.  Develop and implement policies, practices, and procedures that ensure full and equal access to persons with mobility disabilities who use wheelchairs in compliance with the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq*., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 *et seq*., Section 1557 of the Affordable Care Act, 42 U.S.C. §18116(a), California Unruh Act, Cal. Civ. Code §51, *et seq*., and California Gov't Code §11135;

        b.  Ensure that all future staff are trained in the rights of people with disabilities in compliance with the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq*., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 *et seq*., Section 1557 of the Affordable Care

Act, 42 U.S.C. §18116(a), California Unruh Act, Cal. Civ. Code §51, *et seq*., and California Gov't Code §11135;

    c.   Ensure that Defendants are enjoined from continuing their discriminatory conduct; and

    d.   Remain under this Court's jurisdiction until Defendants fully comply with the Orders of this Court, and until there are reasonable assurances that Defendants will continue to comply in the future, absent continuing jurisdiction.

3. Award damages in an amount to be determined by proof, including but not limited to damages under the Unruh Act, DPA, and tort theories, including all applicable statutory damages and at law;

4. Any other such damages as may be allowed under all the above federal and state laws;

5. Award Plaintiff's reasonable attorneys' fees and costs as appropriate and permitted by federal and California law; and

6. Grant such other and further relief as this Court may deem just, equitable and proper.

DATED: March 15, 2024             **BARAJAS & RIVERA, APC**



_____
Anna Rivera
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

DATED: March 15, 2024                     **BARAJAS & RIVERA, APC**

_____
Anna Rivera
Attorneys for Plaintiff